UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAPHAEL JACKSON, *individually and as next friend of minor children J.J. and A.J.*, and CHALEY GRANT, <br><br> Plaintiffs, <br><br> v. <br><br> MILLS PROPERTIES, INC., et al., <br><br> Defendants. | Case No. 4:25-CV-1719-ZMB |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Raphael Jackson's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, and Jackson's Motion for Appointment of Counsel, Doc. 5. As explained in more detail below, before the Court can rule on Jackson's application or proceed to the merits (including his request for emergency relief), Plaintiff Chaley Grant must file her own application to proceed in district court without prepaying fees or costs. Further, the Court denies without prejudice Jackson's motion for appointment of counsel.

Jackson and Grant filed the Complaint on November 21, 2025. *See* Doc. 1. At the same time, Jackson applied to proceed in forma pauperis (IFP). However, Grant has not filed a similar request. When "multiple plaintiffs seek to proceed in forma pauperis, ***each plaintiff*** must qualify for IFP status." *Ball v. US Dep't of Veterans Affs.*, No. 8:23-CV-111, 2023 WL 2786819, at *1 (D. Neb. Apr. 5, 2023) (citation omitted) (emphasis added). "If [Grant] cannot proceed IFP, then none of the Plaintiffs to this litigation may proceed IFP if they are jointly prosecuting this matter." *Black Elk v. Roy*, No. 18-CV-3255, 2019 WL 885641, at *1 (D. Minn. Feb. 5, 2019). Thus, in order for Jackson to proceed in forma pauperis, the Court must ascertain whether Grant can also proceed in

forma pauperis or if the filing fee is required. Accordingly, the Court will decline to rule on Jackson's application at this time and directs Grant to either file her own application or pay the $405 filing fee.

Jackson also filed a Motion for Appointment of Counsel, Doc. 5, which the Court denies without prejudice. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if "convinced that an indigent plaintiff has also stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (quotation omitted). In making this assessment, courts consider several factors, including the complexity of the case, the ability of the pro se litigant to investigate and present the claims, and the existence of conflicting testimony. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Jackson has demonstrated that, at this stage, he can adequately present his claims to the Court. Additionally, it is unclear at this point if the factual or legal issues in this case are complex enough to warrant the appointment of counsel. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly, the Court **DENIES** Jackson's [5] Motion for Appointment of Counsel and directs Grant to either pay the $405 filing fee or complete an application to proceed in district court without prepaying fees or costs before it can consider Jackson's application or the merits of this case.

So ordered this 21st day of November 2025.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE