UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAPHAEL JACKSON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:25-CV-1719-ZMB |
| MILLS PROPERTIES, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are self-represented Plaintiffs Raphael Jackson and Chaley Grant's Applications to Proceed in District Court Without Prepaying Fees and Costs. Docs. 4, 7. Based on Plaintiffs' financial information, the Court finds they are unable to pay the filing fee and grants the applications. However, after an initial review of the Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court dismisses this action pursuant to the *Rooker-Feldman* doctrine and other abstention doctrines that preclude review of Plaintiffs' claims due to parallel state-court litigation.

## BACKGROUND

### I.  Factual Background

This action arises out of two state-court proceedings involving an apartment lease: (1) Plaintiffs' petition for violation of Fair Housing Act (FHA) and Missouri Human Rights Act, and (2) Defendants' petition for unlawful detainer.[1] Plaintiffs are facing an imminent threat of eviction, and they have filed this third case in federal court, again alleging violations of the FHA.

---

[1] Plaintiffs ask the Court to take judicial notice of certain filings in the underlying state-court actions. *See* Doc. 9. The Court will take notice of those records as well as the other filings from each case. *See Holmbeck v. Solomon*, No. 2:19-CV-00154-LPR, 2021 WL 10131577, *8 n.85 (E.D. Ark. Mar. 31, 2021) ("The Court can and does take judicial notice of the state court action and the contents of the state court docket." (collecting cases)). The remainder of this section draws on facts from both dockets, construed in the light most favorable to the Plaintiffs. *See Pavon v. Norfolk Police Dep't*, No. 4:07CV3021, 2007 WL 3203071, at *2 (D. Neb. Oct. 29, 2007) ("Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must construe the allegations of a complaint in the light most favorable to the plaintiff." (citation omitted)).

In July 2025, Plaintiffs signed a lease with Defendant Mills Properties, Inc. and moved into an apartment in the Boulder Springs Apartment complex in Maryland Heights, Missouri. Four days later, the groundskeeper reported a strong odor of marijuana in the hallway outside Plaintiffs' apartment. In response, the assistant property manager visited the floor and confirmed the presence of an odor in the hallway and at the door of Plaintiffs' apartment. At the time, Plaintiffs were the only family living on the second floor. Defendants tacked a note to Plaintiffs' apartment door notifying them of this purported lease violation and that further violations of the policy could result in the termination of their tenancy. Plaintiffs deny that they violated the smoking policy.

Two weeks after receiving the violation notice, Plaintiff Raphael Jackson emailed Defendant Kirk Mills, President and CEO of Mills Properties, and copied 34 additional recipients, including many of Defendants' employees. Jackson's email informed Defendants that Grant was in her sixth month of a high-risk pregnancy and was suffering extreme bouts of suicidal ideation. Defendants characterized this email as threatening and notified Plaintiffs in a letter that the email violated the provision of the lease agreement that forbids harassment of Defendants' employees. Because of this purported lease violation, Defendants terminated the lease effective August 23, 2025.[2] Plaintiffs contend these alleged lease violations are merely pretext for Defendants' discrimination against them based on familial status, race (African American), and disability (pregnancy).

## II.     Underlying State Court Proceedings

Following the dispute between Plaintiffs and Defendants, the parties initiated two state-court proceedings. First was a state court petition filed by Plaintiffs. The second was a detainer proceeding filed by Defendants seeking to evict Plaintiffs Both cases are still pending, with the latter proceeding on appeal.

---

[2] This letter cites the violation of the anti-harassment policy as reason for terminating the lease termination, whereas Defendants' complaint in unlawful-detainer cites the violation of the smoking policy.

### a. *Plaintiffs' Affirmative Litigation*

On August 21, 2025, Plaintiffs filed a petition in St. Louis County Circuit Court along with an emergency motion for TRO to stop their eviction. *See Jackson v. Mills Boulder Springs Elite, LLC*, No. 25SL-AC29523 (Mo. 21st Cir. Ct. Aug. 21, 2025). Plaintiffs allege Defendants were evicting them in retaliation for the Jackson's email, which Plaintiffs characterize as a request for accommodations under the FHA. The state court quickly denied the TRO on procedural grounds, finding Plaintiffs had not complied with the applicable notice provisions. *Id.*, Order (Aug. 25, 2025).

Defendants later moved to dismiss Plaintiffs' petition for failure to state a claim. In response, Plaintiffs amended their petition, this time specifically alleging violations of the FHA, the Missouri Human Rights Act, and Missouri common law. *Id.*, First Am. Pet. (Sept. 23, 2025). Plaintiffs also requested a preliminary injunction to prevent the eviction proceedings. *Id.*, Proposed Order Granting Prelim. Inj. (Sept. 29, 2025). Defendants again moved to dismiss the amended petition, this time claiming that the petition contained only legal conclusions unsupported by facts. The circuit court gave Plaintiffs 30 days—until November 28—to file a second amended petition to assert the factual underpinnings of their claims.

### b. *Defendants' Unlawful-Detainer Action*

At the same time as Plaintiffs' state court case was proceeding, Defendants were prosecuting an unlawful-detainer action against Plaintiffs. On August 26, 2025, Defendants filed their unlawful-detainer action in St. Louis County Circuit Court seeking a judgment against Plaintiffs for possession of the premises. *See Mills Boulder Springs Elite, LLC v. Jackson*, No. 25SL-AC30150, Aff. and Compl. in Unlawful Detainer (Mo. 21st Cir. Ct. Aug. 26, 2025). After a trial in mid-October, the state court found in favor of Defendants and ordered Plaintiffs to surrender possession of the apartment. *Id.*, J. (Oct. 16, 2025).

Plaintiffs appealed this decision to the Missouri Court of Appeals and moved to stay the writ of execution. *See Mills Boulder Springs Elite, LLC v. Jackson*, No. ED113974 (Mo. Ct. App. Oct. 29, 2025). The appellate court ordered Plaintiffs to post a $2,352 bond monthly to stay the writ of execution. Plaintiffs then sought a reduction or waiver of the bond due to their inability to pay, but the court denied their request. *Id.*, Ct. Order (Nov. 18, 2025). The trial court then issued an execution in unlawful detainer for possession of premises. *See Jackson*, No. 25SL-AC30150, Execution/Garnishment (Nov. 19, 2025). Plaintiffs have since received a "Notice to Vacate Immediately," which states that Sheriff's Deputies will evict Plaintiffs if they do not vacate the premises by December 1, 2025. Doc. 9-1 at 10. Plaintiffs also have filed a motion to stay execution of the eviction mirroring their request here. *Jackson*, No. 25SL-AC30150, Motion (Nov. 25, 2025).

**III.    Procedural Background**

On November 21, 2025, more than a month after the unlawful-detainer judgment, Plaintiffs filed this action in federal court, alleging violations of the FHA among other claims. Doc. 1. Plaintiffs also filed a motion for TRO to stay the state-court eviction proceedings pending the adjudication of this FHA action. Doc. 2. In their 96-page Complaint, Plaintiffs detail their interactions with Defendants following the issuance of the notice of smoking violation. Doc. 1. The parties' conflict escalated precipitously, eventually causing serious mental health issues for Grant.

## DISCUSSION

Plaintiffs and Defendants have two pending state-court cases addressing the very same issues advance in the instant Complaint. Most importantly, Plaintiffs face eviction because they lost after a trial in an unlawful-detainer proceeding, and they impermissibly seek to collaterally challenge that ruling in this case. They also advance identical FHA claims in a second state case they initiated months before filing the instant action. Accordingly, the Court dismisses this case without prejudice under multiple abstention doctrines.

4

The *Rooker-Feldman*[3] doctrine prevents federal district courts from exercising subject-matter jurisdiction over actions seeking review of, or relief from, judgments in state court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). After all, "[f]ederal district courts . . . are empowered to exercise original, not appellate, jurisdiction." *Id.* at 283. As such, cases that "essentially invite[]" a district court to "review and reverse unfavorable state-court judgments" are "out of bounds" and "properly dismissed for want of subject-matter jurisdiction." *Id.* at 284. However, *Rooker-Feldman* doctrine does not bar jurisdiction over actions that allege independent claims arising from conduct in underlying state proceedings. *Hageman v. Barton*, 817 F.3d 611, 614 (8th Cir. 2016). "The boundaries for application of the doctrine depend upon the nature of the federal claims and whether the plaintiff in federal court, in fact, seeks relief from the state court judgment." *Hageman*, 817 F.3d at 611.

Applying these principles here, the Court finds it must abstain from second guessing the state court's eviction decision. More than a month before this case was filed, a state court declared Defendants the winner of their unlawful-detainer action and thereafter authorized the eviction. *See* Doc. 9-1 at 10. Plaintiffs ask this Court to intervene and issue a TRO to prevent their eviction. In other words, Plaintiffs collaterally attack the state court's judgment by asking this Court to allow them to remain in possession of their apartment pending resolution of this action. But *Rooker-Feldman* doctrine plainly bars the Court from granting such relief. Indeed, numerous district courts in this Circuit and the Eighth Circuit itself have applied *Rooker-Feldman* doctrine in similar circumstances. *See, e.g.*, *Jacobs v. Gear Prop.*, 2 F. App'x 617, 617 (8th Cir. 2001) (affirming dismissal of civil rights action related to state court eviction in accordance with *Rooker-Feldman* doctrine); *Davis v. Negaard*, No. 1:23-CV-195, 2025 WL 238849, *4 (D.N.D. Jan. 17, 2025) ("The

---

[3] The doctrine's name derives from two Supreme Court cases: *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

United States Circuit Courts of Appeals have repeatedly applied the *Rooker-Feldman* doctrine to find federal district courts lack subject-matter jurisdiction to hear issues pertaining to eviction proceedings.") (citing cases); *Ortiz v. Valasek*, No. 8:24-cv-170, 2024 WL 5170338, at *3–4 (D. Neb. Dec. 19, 2024) (dismissing FHA claims related to state-court eviction proceedings under *Rooker-Feldman* and *Younger* doctrines).

Anticipating this issue, Plaintiffs briefly address the *Rooker-Feldman* doctrine in their Complaint, asserting that the "doctrine does not bar independent federal claims that were not and could not have been litigated in state court." Doc. 1-1 at 7. However, they fail to explain why the very claims they assert here could not have been advance as a defense in the unlawful-detainer action. Moreover, they overlook the fact that their request for emergency relief to stop their eviction is, in fact, a collateral attack on the state court's judgement. *See McCauley v. Ocwen Fed. Bank, FSB*, No. CIV09-3183 (JRT/JSM), 2010 WL 760438, at *4 (D. Minn. Feb. 26, 2010) (finding that a "request for an injunction prohibiting defendants from proceeding with [an] eviction is, in effect, an impermissible appeal from the state court's judgment"). And significantly, they entirely ignore the application of other abstention doctrines that are triggered by their affirmative litigation in state court that also predated this case.[4]

---

[4] In addition to the unlawful-detainer action, Plaintiffs' affirmative state case asserts identical violations of the FHA and the MHRA. *See Jackson*, No. 25SL-AC29523, First Am. Pet. (Sept. 23, 2025). Given that they raise the same claims in both cases, *Colorado River* abstention doctrine is implicated. *See CRST Van Expedited, Inc. v. J.B. Hunt Transp., Inc.,* No. C 04-79LRR, 2005 WL 741911, *9 (N.D. Iowa Mar. 31, 2005) ("The *Colorado River* abstention doctrine . . . gives a federal district court the discretion to avoid duplicative litigation in federal court of a matter more properly decided in parallel litigation in state court.") Under that doctrine, the Court finds there are exceptional circumstances for not exercising jurisdiction here. Namely, there is a substantial risk of piecemeal litigation, there is greater progresses in the state case, there are concurrent questions of state and federal law, and the state forum will protect Plaintiffs' federal rights on their FHA claim. *See Fru–Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009) (summarizing six factors for *Colorado River* abstention). Additionally, given that Plaintiffs collaterally attack their eviction by seeking emergency relief in their state case, *Younger* abstention also applies. That doctrine prohibits federal courts from interfering in certain state civil proceedings. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603–07 (1975). Like other courts, the Court finds that attacking an ongoing eviction proceeding implicates *Younger* when the proposed injunction would disrupt the important state interests in eviction proceedings despite the adequate opportunity to assert federal rights. *Newell v. Rolling Hills Apartments*, 134 F. Supp. 2d 1026, 1034–40 (N.D. Iowa 2001) (finding *Younger* abstention appropriate in case seeking to enjoin state eviction proceedings on the basis of alleged discrimination). Either way, Plaintiffs case simply cannot proceed in this forum at this time.

In sum, the Court finds that it must abstain from adjudicating the instant action in light of the parties' parallel litigation in state court. Because Plaintiffs effectively seek review of unfavorable state-court judgment and advance identical claims to those they assert in another state case, multiple abstention doctrines bar their claims. As a result, the Court must dismiss the Complaint for lack of subject matter jurisdiction.

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' [4] [7] Applications to Proceed in District Court Without Prepaying Fees and Costs and their [9] Motion for Judicial Notice. Further, after initial review of the Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court **DISMISSES** this matter without prejudice **DENIES AS MOOT** all other pending motions. Docs. 2, 10–12. An Order of Dismissal accompanies this Memorandum and Order.

So ordered this 26th day of November 2025.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE